EFFRON, Judge
(concurring in part and dissenting in part):
I agree with the lead opinion’s conclusion that the military judge erred by not giving the requested instruction on the ineradicable stigma of a bad-conduct discharge. The instruction echoes the special attention of Congress to the stigma of a bad-conduct discharge, which is reflected in those portions of the UCMJ providing that a bad-conduct discharge may be imposed only when the accused has been provided with detailed defense counsel, a verbatim record has been prepared, a military judge has presided at trial (unless precluded by physical conditions or military exigencies), and judicial review has been conducted (unless waived or withdrawn). See Arts. 19, 66(b)(1), and 71(c), UCMJ, 10 USC §§ 819, 866(b)(1), and 871(c), respectively. It is noteworthy that Congress, by contrast, has authorized the imposition of confinement for up to 6 months without any of these protections. See id. Special attention to the stigma of a bad-conduct discharge is not simply a vestigial item from an earlier era, but reflects recent congressional attention to these issues. See National Defense Authorization Act for Fiscal Year 2000, Pub.L. No. 106-65, § 577(a), 113 Stat. 512, 625 (1999).
I disagree with that portion of the lead opinion finding that appellant was not prejudiced by the military judge’s refusal to give this required instruction' — a standard instruction that was specifically requested by appellant. The lead opinion finds the error to be harmless based upon the nature of the offenses, the general references by the military judge and defense counsel to the seriousness of a bad-conduct discharge, and the likely knowledge of the panel members. Although these factors might have rendered the error non-prejudicial if the case involved a general court-martial involving a lengthy sentence, this was not such a case.
The best measure of the nature of this case comes from the decision of the convening authority to refer it to a special, rather than a general, court-martial. In that context — a case the command itself viewed as relatively minor — it was particularly important that the military judge use the standard instruction to direct the attention of the members beyond generalized concerns about a bad-conduct discharge. The standard instruction would have required them to focus on the permanent stigma — the ineradicable stain — of a bad-conduct discharge. Under the circumstances of this case, the refusal of the military judge to give the standard instruction was prejudicial to the substantial rights of appellant. See Art. 59(a), UCMJ, 10 USC § 859(a). I would reverse and remand for a new sentencing proceeding.